Robert W. Duncan, Jr., and Betty R. Duncan v. Commissioner.
Duncan v. Commissioner
Docket No. 7073-70 SC.
United States Tax Court
T.C. Memo 1972-35; 1972 Tax Ct. Memo LEXIS 221; 31 T.C.M. (CCH) 130; T.C.M. (RIA) 72035; February 15, 1972, Filed. Robert W. Duncan, Jr., pro se, 2651 Binbrooke Drive, Troy, Mich.Robert F. Brunn, for the respondent. CALDWELL
Memorandum Findings of Fact and Opinion CALDWELL, Commissioner: Respondent determined a deficiency in petitioners' income taxes for 1967 in the amount of $163. The sole issue presented for decision is whether petitioner is entitled to a deduction for amounts paid to *222 a private club of which he was a member, as an ordinary and necessary business expense, under section 162(a) and section 274 of the Internal Revenue Code of 1954. Findings of Fact Some of the facts were stipulated, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by reference. Petitioners are husband and wife who, at the time they filed their petition in this case, were residents of Troy, Michigan. They filed a joint Federal income tax return for 1967, with the Internal Revenue Service Center at Cincinnati, Ohio. The term "petitioner," in the singular, will have reference to the husband-peitioner. Petitioner is, and has been since 1948, engaged in the general practice of dentistry. From 1948 until the late Spring of 1971, petitioner carried on his practice in Birmingham, Michigan, a suburb of Detroit. He has since moved to White Pine, in Michigan's northern peninsula, where he is still engaged in the practice of dentistry. In 1953, after he had been in practice about five years, a friend of petitioners (who was an orthodontist) suggested that petitioner join the Plum Hollow Golf Club, where there were *223 no general dentists in the membership. Petitioner followed his friend's suggestion, and he joined Plum Hollow in 1953, with a view to attracting patients from among the other members and their families. Petitioner did not have any patients from agong that froup prior to the time he joined Plum Hollow. Thereafter, he began to draw patients from the members and their families; and during 1967, the taxable year here involved, at least $8,000 of his total fees from patients of $25,619, came from members and their immediate families (spouses and children). Petitioner paid $1,932 to Plum Hollow in 1967, $600 representing monthly dues of $50, and the remainder ($1,332) 131 representing costs of meals, drinks, green fees and the like for himself, his wife, their three children, and an occasional visiting relative. None of the $1,332 represented the cost of entertaining a patient or a prospective patient. Petitioner estimated that approximately 51 percent of his total payments to Plum Hollow represented a business expense, in the nature of promotion of his practice, and he claimed a deduction on Schedule C of his 1967 return of $1005, as a "business promotion" expense, which the respondent *224 disallowed. Opinion Petitioner asserts that approximately 51 percent (or $1005) of the dues and expenses, which he incurred and paid to Plum Hollow in 1967 are deductible as ordinary and necessary expenses of his trade or business of a dentist in general practice. Petitioner has specifically and emphatically testified that none of his expenses were for entertaining any patient or prospective patient. On the contrary he has testified that those expenses were for himself and members of his family. His position is that his membership at Plum Hollow, and his and his wife's mere presence at the club, were the means of attracting patients to his practice. Petitioner must at the threshold, establish two things: First that the $1005 actually represents the "business" (as opposed to "personal") element of the total Plum Hollow expenses, and second, that those expenses were ordinary and necessary expenses of his trade or business within the meaning of section 162(a). If he clears those hurdles then he must meet the further requirements of section 274 which impose limitations on the deduction of certain expenses which otherwise qualify as ordinary and necessary. In our view, petitioner *225 has not established the "business" portion of the expenses or that the expenses were ordinary and necessary under section 162(a). We accordingly do not reach the questions posed by section 274. As to the question of expenses claimed by petitioner to be business oriented, petitioner in his completely candid testimony stated that his 51 percent figure was an estimate. The record contains no foundation for that figure, or for any other figure. As to the "ordinary and necessary" requirement, what we said in Robert Lee Henry, 36 T.C. 879, 885-886, has particular relevance to the case at bar: We recognize, as petitioner urges, that the business success of a lawyer or accountant [and, we may add, a dentist] rests upon the clients [or patients] who may seek his professional service. We recognize moreover that these clients often come from the contacts - business, social, personal, or political - which a professional person, for whatever purpose and by whatever means, may develop or cultivate. Petitioner further requests that we recognize the fact, which we do, that generally a professional person should broaden his contacts in the interests of his practice, although *226 the efforts may be long in producing tangible results. But were we to recognize that expenditures for normally personal pursuits become deductible business expenses simply because they afford contact with possible future clients without showing a more direct relationship to the production of business income, it is evident that most all club dues and similar expenses, for example, as well as the expenses of appearing at the right place at the right time with the right people, could be claimed as ordinary and necessary business expense. Such would be an unwarranted extension of the scope of the deduction provision here involved. The Plum Hollow expenses here invoved were undoubtedly "for normally personal pursuits" of petitioner and his family, with perhaps an incidental benefit that contacts were made with some persons who came to him as patients who might not have done so otherwise. Those expenses appearing to us personal in nature and therefore nondeductible under section 262, we hold that petitioner is not entitled to the deduction claimed in respect thereof. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for respondent. 132 *227